PORTER *v.* BRACKENRIDGE.

Debt against the administrator of *A.* on a joint and several bond executed by *A.* and *B.* to the plaintiff, conditioned for the performance of covenants.  Plea, that the intestate was only a surety ; that the plaintiff had agreed with *B.*, without the defendant's knowledge, to take a judgment by confession against *B.* for 275 dollars, in a suit on the bond then pending against him, it being a less sum than the plaintiff pretended he could recover; and to take a judgment against the present defendant for the costs of an action then pending against him on the bond ; that judgments had been rendered conformably to ⬤is agreement.  *Held,* that this plea was not double ; and that it was a good bar to the action.

A plea, to be objectionable for duplicity, must contain more than one valid defence to the suit.

ERROR to the *Franklin* Circuit Court.—Debt by *Porter* against *Brackenridge*, administrator.   Special plea in bar.  Demurrer to the plea, and judgment for the defendant.

BLACKFORD, J.—This was an action of debt on a joint and several bond in the penal sum of 1,000 dollars, executed by one *Van Camp* and the defendant's intestate, and conditioned for *Van Camp's* making a title to the plaintiff for a certain tract of land.   The defendant pleaded two pleas.   To the first plea the plaintiff replied, and obtained judgment on demurrer to his replication.   Any further notice of that plea is therefore unnecessary.   The second plea states that the intestate was only a surety in the bond; that the plaintiff had agreed with *Van Camp*, without the defendant's knowledge, to take a judgment by confession against *Van Camp* for 275 dollars, in a suit on the bond, then pending against him, it being a less sum than he pretended he could recover; and to take a judgment against the defendant for the costs of an action then pending against him on the bond.   The plea further states, that judgments were entered in accordance with that agreement.   To this plea, the plaintiff demurred specially.   The plea is alleged to be double.   Its duplicity is said to consist in its showing, 1st, that the defendant's intestate was a surety, and that the plaintiff entered into an agreement with the principal which legally discharged him; 2dly, that there was a former recovery against the defendant by the plaintiff for the same cause of action.  It is also alleged, that the plea is defective because the agree-

ment to take the judgment against *Van Camp*, and the actual taking of it, is no defence.

These causes of demurrer must be considered together. The part of the plea to which the last objection applies is no bar of itself. If it were, the plea would be double. The objection for duplicity depends on the question, whether the plea contains more than one valid defence to the suit. Stevens on Pleading, 272. That is not the case here. The agreement of itself is no defence; nor is the agreement with the judgment against *Van Camp*, without a stay of execution, any bar,—whatever it might have been, had execution been stayed. It is the agreement, the entry of the judgment against *Van Camp*, and the entry of the judgment against *Brackenridge*, taken together as one defence, that are relied on in order to make out a valid plea of former recovery against *Brackenridge*, for the same cause of action with the present one. No one of the facts is of itself a sufficient bar; but all of them united form one connected plea, which shows, *prima facie*, that there had previously been an adjudication on the merits of the cause, both against *Van Camp* and the defendant. If the merits of the cause of action, in this case, were really not adjudicated on and determined by the former suit, the plaintiff might have replied that fact. The plea is valid, and the judgment of the Circuit Court correct.

*Per Curiam.*—The judgment is affirmed with costs.

*Smith* and *Rariden*, for the plaintiff.

*M'Kinney*, for the defendant.