Nov. Term, 1853.

HAND
v.
TAYLOR.

---

*Thursday, December 1.*

---

HAND and Others *v.* TAYLOR.

Section 5 of article 7 of the constitution of 1851, which requires the Supreme Court, upon the decision of every case, to give a statement in writing of each question arising in the record of such case, and the decision of the Court thereon, applies only to cases arising under that constitution.

Debt by the marshal of the U. S. for the district of *Indiana*, upon the bond of *A.*, a deputy marshal, for his taking insufficient replevin bail upon an execution. Plea, that the bail was, at, &c., a good and sufficient freeholder, and a good, able, and responsible surety, &c. Verification. Re-

Nov. Term,
1853.

HAND
v.
TAYLOR.

plication, concluding to the country. *Held,* that the burden of proof was upon the plaintiff, and that he was entitled to open and close the argument to the jury.

A plea to the declaration in said case was to the effect following: That the execution-defendants, at the time the writ of execution came to the hands of *A.* as deputy, were, and continued to be, and still were insolvent, and no part of the judgment could be made from their property, on the execution; and that *A.,* in executing the writ, and in taking said *B.* as bail, acted under the general instructions and customary practice of the marshal, in good faith, to take the best bail he could get for the benefit of the execution-plaintiffs, if the bail was reputed good; and that *A.* could not get other or better bail than *B.,* who was reputed good; and that he *bona fide* took *B.* as bail, and returned the bond with the same to the office, without any objection from the marshal or the execution-plaintiffs; and that after the replevin bond was taken and returned, the execution-plaintiffs accepted the same and issued execution thereon; and that the action against the marshal and sureties [for the taking of said bail] was tried and managed in all its parts by the marshal and sureties, a jury was improperly waived by them, and *A.* and his sureties were not notified of the same, and requested or tendered the sole and exclusive management thereof; and after said decision was had against the marshal and sureties, they wholly neglected and refused to take the case, for final decision, to the Supreme Court of the *U. S.,* although requested to do so by *A.* and his sureties. Verification. Special demurrer for duplicity, and the demurrer sustained. *Held,* that the demurrer was correctly sustained, not as a special demurrer for duplicity, but as a general demurrer for insufficiency.

In an action upon the bond of a deputy marshal and his sureties for the taking by the deputy of insufficient bail on an execution, the defendants, if notified of a suit against the marshal and his sureties for the taking of such bail, and authorized to plead and offer such evidence in defence of the action as they may desire, are concluded by the amount of damages recovered in the latter suit.

Where the evidence is not set out in the record, it will be presumed that the instructions given to the jury were pertinent and applicable to the case.

Thursday,
December 1.

APPEAL from the *Marion* Circuit Court.

STUART, J.—Debt by *Taylor* against *Hand* and others, on their bond conditioned for the faithful performance of his duties as deputy marshal, &c., to which *Hand* had been appointed by *Taylor.* The defendants filed thirty-three pleas, leading to issues of law and fact. Trial by jury. Verdict and judgment for *Taylor.*

The declaration contains four counts.

The first alleges that *Taylor,* being *United States* mar-

shal for *Indiana*, in *March*, 1838, appointed *Hand* his deputy, who executed bond, &c.; that in *May*, 1839, *Suydam* recovered judgment, in the *United States* Circuit Court, for 670 dollars and 84 cents, against *Lasselle* and others; that in *June*, 1839, execution was issued and delivered to *Hand* as such deputy, to be executed; that, though there was property, &c., yet *Hand* wrongfully, without levy and without making the money, returned the execution indorsed that he had taken replevin bail, &c.; that the surety on the replevin bond was not responsible, but wholly insolvent. Whereby *Suydam* was unable to collect his judgment, &c. That *Taylor*, as marshal, by reason of the acts of his deputy, *Hand*, became liable to pay, and was actually compelled to pay to *Suydam*, the sum of 1,192 dollars and 34 cents.

The second count contains some additional particulars.

The third and fourth counts are similar, with the additional averment, that *Hand* and his sureties were duly notified of the pendency of the suit of *Suydam* v. *Taylor*, &c.

The number of pleas (thirty-three) has been already alluded to. Such an array of points to be decided, suggested the inquiry how far the constitutional provision requiring a statement of each question arising in the record, and the decision of the Court thereon, to be in writing, extends. For if that provision be applicable to this case, the opinion must necessarily occupy a large space in the reports; and, as we conceive, very unprofitably. The pleas are all of them familiar as constituting the chief staple of defence for years. The learning involved in these and similar pleadings, is a story thrice told in our own reports. It is not necessary that the bar and courts of *Indiana* should give any further evidence of their familiarity with the technicalities of the system that has passed away. That has been amply attested. We have clung to the ancient forms of administering justice in *Westminster Hall*, with a persevering accuracy perhaps unparalleled in judicial history; and that, too,

long after they had been, in a great measure, banished even from the *English* courts.

We inquire, then, what cases are embraced in the constitutional provision requiring written opinions. If that provision is prospective, then the cases arising under the old constitution are to be decided as heretofore, in writing or otherwise, in the discretion of the Court. So that the fifth section of the seventh article may be paraphrased thus: The Supreme Court shall, upon the decision of every case arising under this constitution, give a written statement, &c. The provision being prospective, is, therefore, inapplicable to the present case. The same doctrine was, in substance, declared in the case of *The State* v. *Barbee*, 3 Ind. R. 258. There it was held that sections twenty-two and twenty-three of the fourth article, are to be construed as operating prospectively. No good reason is perceived why this sound rule of construction is not equally applicable to the whole instrument, unless where it is otherwise expressly provided.

But as counsel have narrowed down the controversy to a few points, and waived the others, we will briefly notice them in their order.

The first is as to the right to open and close, which, it is contended, the Court erroneously conceded to the counsel for *Taylor*. The question is made on the eighteenth plea. One of the breaches assigned is, that the replevin bail was insolvent. The eighteenth plea sets up, that the replevin bail was, at, &c., a good and sufficient freeholder, and a good, able and responsible surety for the payment of the amount demanded, &c., concluding with a verification. Replication concluding to the country.

On whom lay the burden of proving this issue? Clearly on the plaintiff, *Taylor*. It was indispensable to his recovery to prove the insolvency of the replevin bail; for that was the substance of the breach assigned. The plea does not relieve *Taylor* from that necessity. For it is not a plea in bar: it does not confess and avoid. It requires no proof to support it until the plaintiff has established the substance of the breach. It is a mere

informal denial of that breach: the plaintiff's proposition is denied by affirming the contrary to be true. Such pleading could not change the position of the parties from what it would have been had the insufficiency of the bail been directly denied. The plaintiff, then, having the initiative in the evidence, was entitled to the opening and close.

The case of *Jackson* v. *Pittsford*, 8 Blackf. 194, referred to by counsel, does not seem to support his position. On the contrary, it only decides that when there are several issues, and the proof of any one of them devolves on the plaintiff, he is entitled to the opening and close.

The second point insisted upon by counsel for *Hand*, is, that the Court erred in sustaining the demurrer to the fourteenth plea.

The plea is in these words, viz.: that "the said execution-defendants at the time the said writs of execution (which were one and the same writ) came to the hands of the said *Hand* as such deputy, were, and continued to be, and still are insolvent, and no part of said sums of money could be made from their property, on such execution; and the said *Hand*, in executing such writ and in taking said *Dillon* as bail, acted under the general instructions and customary practice of the said *Taylor*, his principal, in good faith, to take the best bail he could get for the benefit of the execution-plaintiffs, if such bail was reputed good. And the defendants aver, that said *Hand* could get no other or better bail than said *Dillon*, who was reputed good, and that he *bona fide* took said *Dillon* as such bail, and returned the bond with the same to the office, without any objection whatever, either from *Taylor* or said plaintiffs in execution; and the defendants further aver, that after said replevin bonds (which are one and the same bond) were taken and returned, the said plaintiff in execution accepted the same and issued execution thereon. And the defendants further aver, that said action against the said *Taylor* and sureties was tried and managed in all its parts by said *Taylor* and sureties, a jury was improperly waived by them, and the said *Hand* and sure-

Nov. Term, 1853.

Hand
v.
Taylor.

ties were not notified of the same and requested or tendered the sole and exclusive management thereof; and after said decision was had against the said *Taylor* and sureties, they wholly neglected and refused to take the case for final decision to the Supreme Court of the *United States*, although requested to do so by said *Hand* and his sureties. And this they are ready to verify, and, therefore, pray judgment, &c."

The demurrer to this plea was special for duplicity, and that it was argumentative, with specifications. It is not so clear that the special demurrer was well taken. According to the general current of authorities, a plea, to be bad for duplicity, should contain at least two substantive matters of defence, either of which, if separately well pleaded, would constitute a good bar to the action. *Porter* v. *Brackenridge*, 2 Blackf. 385.—5 *id.* 451.—8 *id.* 270. So it seems the pleading will be double which contains several answers, even if the matter be ill pleaded. Gould's Pl. 427.—Steph. Pl. 259.—*Purssord* v. *Peek*, 9 Mees. and Welsby 196. But it will be otherwise, says *Stephen*, if the matter pleaded be immaterial, or a necessary inducement to another allegation, or if the whole taken together constitute but one proposition or entire point.

A distinguished living authority in special pleading, has called our attention to a decision of Lord *Denman*, seemingly at variance with the rule. In *Wright* v. *Watts*, 43 Eng. Com. Law R. 645, *Denman* held that a second good defence in the same plea was not necessary to make it double; it was sufficient that the defendant appeared to treat the matter pleaded as affording a defence. But, on examination, the facts do not support the position; they constitute a double defence; and so they were regarded by other members of the Court. *Weightman*, J., delivers his opinion in the same case, thus: "There are clearly two defences. The defendant's counsel cites cases to show that one of these is ill pleaded; but that does not save the plea from being double." The rule as here-

tofore understood, seems, therefore, to remain unimpaired. Let us apply that rule to the fourteenth plea.

The insolvency of the execution-defendants, if available either as a defence or in mitigation of damages, was so in the action by *Suydam* v. *Taylor*. But it is not admissible between *Taylor* and *Hand*. The allegation that he acted in good faith, does not seem either material or issuable. The issue of execution, instead of operating as an acceptance of the bail, was but the exercise of proper diligence on the part of *Suydam*. It was a prudent step, favorable to *Hand* and his sureties; but it imported nothing which could avail them in this defence. That *Taylor* waived a jury, failed to appeal, &c., seems wholly immaterial. It is not anywhere alleged that *Hand* furnished *Taylor* with any matter of defence sufficient to bar *Suydam's* action in whole or in part, which *Taylor* had failed or refused to plead. *Hand* and his sureties having had notice of the suit in which *Taylor* was amerced for the delinquency of his deputy, we do not see how he can set up any matter here which he might have pleaded in bar or offered in mitigation of damages in *Suydam* v. *Taylor*.

It is conceived that duplicity is, therefore, not the chief defect of this plea; for there are not two substantial matters of defence set up in bar. As little do they form a connected proposition, supporting each other and tending to establish an entire defence. So that as the matters pleaded do not either singly or collectively constitute a good bar to the action, the demurrer was correctly sustained, not as a special demurrer for duplicity, but as a general demurrer for insufficiency.

The twenty-eighth and thirty-second pleas relied upon by counsel, are, in substance, as far as they go, identical with the fourteenth plea. The analysis and conclusion in that, are applicable to these.

The last point relates to the instructions given and refused. The following instruction given by the Court is excepted to, viz.:

If the jury find for the plaintiff upon the issues made

Nov. Term,
1853.
———
HAND
v.
TAYLOR.

on the pleas, the defendants are concluded as to damages by the judgment against *Taylor* and his sureties in evidence, &c.

It is contended that this is not the law as against the sureties of *Hand*, and, therefore, the judgment should be reversed. On this point several authorities are cited—one from our own reports, *The State* on the relation of *Fellows* v. *Johnson et al.*, which has been carefully considered. That was an action against the sheriff and his sureties, on his official bond. The sheriff not having been served, his sureties alone were on trial. It was held that the sureties of the sheriff were liable only for the damages actually sustained by *Fellows*, the relator. 1 Ind. R. 158. This is the law, and has a marked application to this case. The sureties of *Hand* were liable only for the damages sustained by *Taylor*. *Hand* and his sureties having had notice of the suit of *Suydam* v. *Taylor*, are presumed to have furnished such evidence on that trial as limited the recovery against *Taylor* to the damages actually sustained by *Suydam*. The judgment against *Taylor* being caused by *Hand's* delinquency and misfeasance as deputy marshal, no valid defence being put into the hands of *Taylor* by his deputy, becomes, as between *Taylor* and *Hand*, a matter adjudicated, behind which *Hand* and his sureties should not be permitted to go. If *Hand*, or his sureties, paid the judgment against *Taylor* to *Suydam*, since the recovery, that would be another question. Otherwise, the recovery against *Taylor* is the measure of his damages. The instruction given implies all that is claimed by the defence, and properly points the jury to the sources of evidence, should they find for *Taylor*. As the evidence is not set out, we must presume the instruction pertinent and applicable to the case made; and so, correctly given. 1 Greenl. s. 539.—12 Mass. R. 163.

The exception taken to the refusal of instructions, has already been anticipated in examining the fourteenth plea.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*O. H. Smith, S. Yandes, H. Brown* and *H. C. Newcomb,* for the appellants.

*J. Morrison* and *S. Major,* for the appellee.