Loeb *et al. v.* Weis.

———◆———

## LOEB ET AL. *v.* WEIS.

CONTRACT.—*Agreement with Debtor to Take his Property and Pay his Debts.* —A creditor may maintain an action upon a promise, made by the defend-

64 285
146 113

64 285
157 162

ant to the debtor, to pay all of the debts of the latter in consideration of property sold and delivered by the debtor to the defendant.

SAME.—*Answer.*—*Argumentative Denial.*—The defendant in such an action answered that he had received the debtor's property and was to apply the proceeds to the payment, first, of certain specified debts, and then to the payment of debts due the plaintiff and others ; that he had realized from such property its fair value and applied the proceeds to the payment of the debts specified, and that nothing remained to apply on the plaintiff's debt.

*Held,* on demurrer, that, though amounting only to an argumentative denial, the answer is sufficient.

INSTRUCTION TO JURY.—*Uncertainty.*—The court may refuse to give to the jury an instruction asked, which is indefinite and ambiguous.

From the Benton Circuit Court.

*J. M. LaRue,* for appellants.

*J. R. Troxell* and *P. H. Ward,* for appellee.

PERKINS, J.—John M. Weis & Co. were a mercantile firm, largely indebted. Said firm sold and transferred to Elias Weis their entire stock of goods, notes and accounts; and, in consideration of such sale and delivery, said Elias Weis promised the said John M. Weis & Co., by their firm name, to pay to the creditors of said firm all claims and demands existing against it.

Said Weis & Co. owed Loeb *et al.,* the appellants, the sum of three hundred and thirty-seven dollars and eighty-five cents, which they demanded of Elias Weis, and which he failed to pay, etc.

This suit is by said appellants, against said appellee, on his promise to Weis & Co. to pay their creditors. The complaint states a cause of action. *Miller* v. *Billingsly,* 41 Ind. 489, and cases cited; *Haggerty* v. *Johnston,* 48 Ind. 41. See *Crim* v. *Fitch,* 53 Ind. 214.

Answer in three paragraphs :

1. General denial ;

2. Payment by Weis & Co., the original debtors ; and,

3. "That the goods, notes and accounts, etc., alleged in the complaint to have been sold by said John M. Weis & Co. to defendant, were transferred and delivered to him

to be disposed of as follows, to wit, f)r the purpose of being appropriated by defendant to the payment, so far as they might go, of the debts which had been contracted by a prior firm, composed of said John M. Weis and Horace Case, one William R. Kennedy having succeeded to the rights and liabilities of said Case, as a member of the firm of John M. Weis & Co., and defendant having become bound in the sum of one thousand dollars to save said Case harmless, and for the further purpose of satisfying two notes held by defendant upon the firm of John M. Weis & Co., amounting to the sum of five hundred dollars, which said goods and merchandise, notes, etc., amounting nominally to about twenty-one hundred dollars, were to be converted into money by defendant as expeditiously as practicable, and in such manner as he might deem proper, and the proceeds applied, first, in satisfaction of the debts so contracted by the said Weis & Case; secondly, to the satisfaction of said notes so held by him upon said Weis & Kennedy, as hereinbefore stated; and, thirdly, to the satisfaction of the indebtedness of said firm of John M. Weis & Co., so far as the surplus would go; and defendant avers, that he sold said goods, etc., by retail and at auction, with the knowledge and consent of the said John M. Weis & Co., and that he collected said notes and accounts, so far as the same could be collected, and that he applied the proceeds of ·such collections to the payment of the debts of said Weis & Case, which amounted to the sum of sixteen hundred dollars. Defendant further says, that the amount of the notes and accounts uncollectible, as aforesaid, is four hundred and eighty-two dollars; that he has already paid upon the indebtedness, against which said Case was indemnified by him, as aforesaid, seven hundred and fifty dollars more than the amount realized by him from the sales and collections aforesaid, leaving the two notes held by him, as aforesaid, wholly unsatisfied." Wherefore, etc.

Demurrer to the third paragraph of answer for want of facts overruled, and exception entered.

Reply in denial of the second and third paragraphs of answer.

A second paragraph of reply to the third paragraph of answer averred, "that all of said goods, wares and merchandise, notes and accounts of the firm of John M. Weis & Co. was sold and delivered to the defendant, Elias Weis, by the said John M. Weis and Wm. R. Kennedy, which were of the value of thirty-five hundred dollars, and in consideration of which the said defendant, Elias Weis, undertook and agreed to pay off and discharge all and singular the debts and liabilities of the said firm of John M. Weis & Co. as they severally matured; and the defendant further agreed, in consideration of the sale and discharge of said goods, etc., so sold and delivered to him by the said John M. Weis & Co., in addition to the paying and satisfying of all the debts of said firm as they matured, to deliver over to the said John M. Weis and Wm. R. Kennedy the said notes which he held against them, as paid and satisfied. And the plaintiffs further aver, that, at the time of making said contract, the said firm of John M. Weis & Co. fully paid and satisfied said five hundred dollars of notes alleged to be held by the defendant against the firm of John M. Weis & Co. Wherefore the plaintiffs ask judgment as in their complaint demanded, and for all other and proper relief."

Trial of the issues, by agreement, by a jury of ten men. Verdict for defendant.

Motion for a new trial for the following reasons:

" 1.   The verdict of the jury is contrary to the law and the evidence;

" 2.   The verdict of the jury is contrary to the evidence;

" 3.   The court erred in refusing to give charge No. 2, asked by the plaintiff, and which was excepted to at the time;

" 4.   The verdict of the jury is contrary to the. expres. charge of the court."

The motion for a new trial was overruled, and judgment rendered.

The alleged errors assigned are :

1.   The court erred in overruling appellants' demurrer to the third paragraph of answer; and,

2.   In overruling the motion for a new trial.

We briefly notice the questions presented.

The court did not err in overruling the demurrer to the third paragraph of answer.   The suit was upon an alleged promise to do a certain thing.   On proof of substantially such a promise, the plaintiffs' right of recovery depended.

The third paragraph of answer averred, that the promise, on the occasion alleged in the complaint, was entirely different in its terms from what the complaint alleged it to be, setting out those terms.   This was an argumentative denial of the promise alleged in the complaint.   The matter alleged could have been given in evidence, under the general denial.   Still the paragraph of answer contained facts constituting a defence to the action; and, while the party might have been permitted to give them in evidence under the general denial, which was pleaded, yet he had a right to plead the facts specially, and, having done so, it was not error in the court below to overrule a demurrer to such special paragraph.   Such is the settled law of this State.

What is said by Judge Howk, in *Morris* v. *Thomas,* 57 Ind. 316, is not in conflict with our decision on this point.   He says in that case, that " An argumentative denial is seldom ' good,' in pleading, for any purpose ; " but the case does not decide that an argumentative denial may not, in any case, contain facts constituting a defence to an action.

We can not say that the verdict was contrary to the.

evidence. The evidence was conflicting as to the promise of Elias Weis, on receiving the goods mentioned.

The instruction refused was as follows:

"In this State a debtor in failing circumstances can not transfer his property to a creditor who has notice of his circumstances, to the exclusion of his other creditors. Therefore, a contract made by John M. Weis & Co. to deliver their property to Elias Weis, to secure him, to the exclusion of the other creditors, if made, would have been fraudulent and void. And if the jury finds, that the evidence as to what the contract was, by which the goods were transferred to Elias Weis, is conflicting, they are not to presume that the parties made a fraudulent sale."

The court did not err in refusing to give this instruction, because, if for no other reason, it was not sufficiently definite and plain.

The judgment is affirmed, with costs.