TURNER *v.* THE RISING SUN AND LAUGHERY TURNPIKE CO.

No. 7104.

ACTION FOR DAMAGES FOR UNLAWFULLY ENTERING UPON AND INJURING LANDS OF ANOTHER.—*Trespass.*—*Case.*—*Justification.*—*Identity of acts Complained of.*—To a complaint which charged the unlawful entering upon the plaintiff's lands, and the doing of certain wrongful acts, to plaintiff's injury, the defendant, a turnpike company, answered, alleging its corporate character, and that it had appropriated a certain highway running over

plaintiff's lands, under an order of the board of county commissioners, under which order it had entered upon said highway and done certain acts, claiming that it was justified in so doing, and concluding with express denials of any injury to plaintiff's lands, and alleging benefits to the same as a result. On demurrer for want of facts,

*Held,* that the character of the answer is not affected by the denials of injury, or allegations of benefit, to the lands; a trespasser can not set off the consequential benefits of his wrongful acts against the direct injury resulting therefrom.

*Held,* also, that the complaint must be regarded as in the nature of an action upon the case, and not in trespass strictly; and if it were shown, upon the allegations in the complaint, that any wrongful acts were done by plaintiff upon defendant's lands, resulting in substantial injury, the plaintiff would be entitled to recover, though such entry was justified.

*Held,* also, that the answer is bad, in that it does not allege that the acts it avers were done upon appellee's lands were the same acts complained of in the complaint.

Turnpike or Gravel Road.—*Appropriation of Highway.*—*Powers and Rights Acquired.*—*Supervisors.*— *Right to Remove Materials.*—The right of a supervisor of a highway to remove materials found thereon and use the same is not transferred to a turnpike or gravel road company by virtue of an appropriation of the highway to the use of such company, and a supervisor has no power to remove earth or other materials found in the limits of the highway, from the lands of the owner, to the lands of another, though to be used in the repair of the same highway. By the act of appropriation, the company acquires the easement of the highway in the condition it was at the time of appropriation, and acquires no right to dig up and remove the earth for any use or purpose, without compensation first made or assessed and tendered.

From the Ohio Circuit Court.

*A. C. Downey* and *H. S. Downey,* for appellant.

*J. B. Coles,* for appellee.

Woods, J.—The complaint of the appellant was, in substance, that the defendant, on the — day of ——, 1876, and for sixty days subsequent thereto, unlawfully and without right, entered on the lands of plaintiff, particularly described, and without right dug into said land to the width of forty-eight feet, in length one hundred yards, and to the depth of ten feet, making an excavation whereby the plaintiff is prevented from the complete use

of said land in passing from one portion of the same to another, and from reaching a certain public road which passes through said land; that the excavation was so made as to deprive " three feet in width of the land along either side of the excavation, of its lateral support," causing the same gradually to cave in and endanger a substantial fence built thereon; that defendant, without right, dug out and carried away from said excavation fifteen hundred wagon loads of gravel, worth $100, and converted the same to defendant's use.

The defendant answered by a general denial, and by an amended third paragraph of answer, in substance, as follows:

That the defendant is a " body corporate," organized under the laws of the State in force on the — day of——, 1876, for the purpose of constructing and owning a turnpike road from Rising Sun to a point named on the Laughery turnpike; that on the — day of March, 1876, the appellee did petition the board of commissioners of the county to authorize and empower it to locate and construct a turnpike road over and along the line of a certain public highway known as the Rising Sun and Lawrenceburgh State Road, and to appropriate so much of said highway as should be found convenient and practicable, to the width of forty feet, to the use of the defendant; that said board of commissioners granted said petition, and on the — day of March, 1876, made an order authorizing the defendant to appropriate said highway to its use and benefit, for the purpose prayed for; that, under the order and authority so granted, the defendant, by its agents, proceeded to locate and construct its road upon and along said highway; and, for the purpose of securing a good and even grade, the defendant was compelled to make cuts and fills and to dig and remove earth and gravel from various parts of the road-bed to other parts of the same, as the company

is compelled by law to do in order that its road may have a hard and even surface. " That in making said cuts and fills, and in digging and removing such earth and gravel, this defendant has not at any time entered upon the lands of the plaintiff other than where the same was and is occupied and used as a public highway, and where said highway has been appropriated as aforesaid to the use and benefit of said defendant, and that all of said work was skilfully done, and was necessary for the proper construction of her said turnpike road." The paragraph concludes by expressly denying having injured or damaged the plaintiff or his farm or prevented his complete use of his lands, or the approaches or crossings, or his passing from one portion of the same to another or to any highway passing through his said land, and that it has in any manner whatever damaged the plaintiff or his lands, but that it has greatly benefited the plaintiff and his said lands by the construction of her road.

A demurrer for want of sufficient facts was filed to this answer and overruled; and, exception having been duly taken, error is assigned here upon the ruling so made.

We do not think the character of this answer is affected by its concluding portion. The denials there made do not go to the specific acts of wrong charged in the complaint, but only to the alleged injurious effects, and if the appellee wrongfully entered upon the lands of appellant, and without right did the particular things charged in the complaint, it is no answer, simply to deny the injurious consequences, or to say that the plaintiff and his lands were not damaged and that he was benefited by the construction of a turnpike, in the construction of which the alleged acts of injury were committed. The trespasser or wrong-doer can not set off the consequential benefits of his wrongful acts against the direct injury and damage resulting therefrom. The gist of the answer consists in the averments concern-

ing the order of the board of commissioners authorizing the defendant to appropriate the highway, and that under that order, and within the limits of the highway so appropriated, the defendant was justified in doing what it did do, and the question is whether a complete justification is shown. If the complaint is to be treated as a complaint in trespass strictly, this answer is perhaps good; for, so treated, the unlawful entry charged is the gist of the action, and the other acts charged are only consequential and in aggravation of damages; *Donohue* v. *Dyer*, 23 Ind. 521; and the order of the county board authorizing the defendant to appropriate the highway may be a justification for the otherwise unlawful entry. But, under the code, we think the complaint must be regarded as presenting an action in the nature of an action upon the case rather than in trespass, and if, upon the averments made, it is shown that any wrongful act was done by the defendant upon the lands of the plaintiff, resulting in substantial injury, the plaintiff is entitled to recover therefor, though it be shown that the entry of the defendant upon the lands was justified.

There is perhaps a technical objection, fatal to the sufficiency of this answer. The plea admits or rather avers certain acts to have been done by defendant upon the lands of the plaintiff, but does not aver that said acts are the same mentioned in the complaint. After averring what acts were done by the defendant on the lands of plaintiff, the answer proceeds to allege that said acts, that is to say, the acts named in the answer, which may or may not be the acts named in the complaint, were done within the limits of the highway, and where said highway had been appropriated to the use of the defendant. This can hardly be deemed equivalent to an averment that the acts justified are the same as the acts complained of. Such averment or its equivalent is necessary to a plea of justification in such a case. *Wheeler* v. *Me-shing-go-me-sia*, 30 Ind. 402.

But the more important question made upon this answer is whether the order of the board of commissioners, allowing the appellee to appropriate the highway over the lands of the appellant, gave the appellee any right to do the acts complained of, conceding that they were all done within the limits of the highway appropriated. We think the question must be answered in the negative.

Section 18 of the act concerning supervisors of highways provides, that " All trees standing or lying on the land, over which any highway shall be laid out, which it shall be necessary to remove in the opening of such highway, shall belong to the owner of such land, if he shall avail himself of the same before the supervisor is required to open such highway, but all such trees and down timber, or other material found on such premises may be taken and used by the proper supervisor for the construction or repair of the highway or bridge *on such land.*" 1 R. S. 1876, p. 859.

Under this section, it is evident that the supervisor has no right to remove earth, gravel or other material, found in the limits of a highway, from the lands of the owner to the lands of another, though to be used in the construction or repair of the same highway in which it was found.

One of the charges of the complaint is, that the defendant dug out and carried away fifteen hundred wagon loads of gravel, worth one hundred dollars. This answer does not deny the digging and removing, nor does it show that the material so removed was used anywhere upon the land of the appellee. The answer is therefore bad in this respect, even if it be conceded that the appellant had a right to do, without compensation made or tendered, whatever the supervisor could have done.

We hold however, that the rights of the supervisor, or rather the rights of the public, which are exercised through the agency of the supervisor, in and over the material

found within the limits of a highway, for the construction or repair thereof, are not transferred to a turnpike or gravel road company, by virtue of an appropriation of the highway to the uses of such company.

The appellee, through its counsel, claims to have been organized under the act approved May 12th, 1852, authorizing the construction of plank, macadamized and gravel roads. 1 Rev. Stat. 1876, p. 654. By section 4 of that act it is declared, that, upon the making of an appropriation, as in the act provided, the "State or county road or other public highway, or such portions thereof as may be so occupied or appropriated by said company, shall be and become the property of said company for the purpose of making and maintaining said road and the gates and toll-houses thereon;" and it is enacted by section 6, that, "For the purpose of constructing and locating said road, it shall be lawful for such company, by their agents or persons in their employ, to enter upon the lands, to make surveys or estimates, and to take from the land occupied by said road any stone, gravel, timber, or other material necessary to construct said road and the bridges thereon."

These sections must be construed in connection with sections 5, 7, 8 and 9, which provide a mode for obtaining the right of way of the owners of land, and for ascertaining, in case of disagreement of the parties, the compensation which shall be awarded the owner of land, for the damage, if any, done him in the premises. Section 9 contains a proviso, "That before such company shall so enter and construct its road, it shall either tender to the owner of said lands the full amount of damages which shall have been adjudged to him or her, or shall pay the same into court," etc.

Construed together, the provisions of this statute are in entire harmony with the provision of the constitution

of the State, that " No man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed and tendered; " but, standing alone, sections 4 and 5 can hardly be reconciled with this provision of the fundamental law. Standing alone, they enact that the public highway appropriated under the law becomes the property of the appropriating company, and that the company may enter upon the land occupied by its road and take from the same any stone, gravel, timber or other material, and use it in constructing any part of its road, no matter where; while the supervisor, as already shown, could use such material in the construction or repair of the highway only within the limits of the land where found. Such a result would be both unjust and unconstitutional.

It is our opinion, that, by the act of appropriation of the highway, the appellee acquired only the easement of the highway in the condition it was at the time of appropriation, and thereby acquired no right to dig up and remove the earth or gravel found on the land of appellant, for any use or purpose, without compensation first made, or assessed and tendered, though the same were dug and removed only from within the appropriated limits of the highway, and for the earth and gravel so removed and for any excavation made, to the substantial injury and damage of the appellant, the appellee should have been held responsible.

This conclusion requires that the judgment of the circuit court be reversed, and makes unnecessary the consideration of the questions presented upon the motion for a new trial.

Judgment . reversed, with costs, · and cause remanded, with instructions to sustain the demurrer to the amended third paragraph of answer.

ON PETITION FOR A REHEARING.

WOODS, J.—The appellee presents two reasons for a rehearing, namely :

1.   That the merits of the cause have been fairly tried ;

2.   That the opinion reversing the case is not founded on good law.

We have not changed our opinion of the law of the case, and we can not say that the merits have been fairly determined.   Instead of the plaintiff having failed to prove his complaint as counsel contends, it is evident from the testimony, and from the answers of the jury to interrogatories, that he did prove to the satisfaction of the jury some of the material averments of injury and damage as charged.   It appears too, that the defendant made proof of the facts averred in the third answer, and the probability, if not necessary inference, seems to be, that the verdict for the defendant was based on that answer and the proof made in support thereof.

The petition is overruled, with costs.