No. 9750.

## STRATTAN v. ELLIOTT.

HIGHWAY.—*Obstruction.*—*Turnpike Company.*—*Toll-House.*—*Damages.*—The owner of land, over which a highway runs and upon which a turnpike company has constructed its road by the consent of the county commissioners, may maintain an action against such company for placing a toll-house upon his land, though such house is within the limits of such highway.

SAME.—*Pleading.*—*Practice.*—*Harmless Error.*—An answer in such action, which denies that the plaintiff owns the land in dispute by alleging that it belongs to the defendant, is good, but no available error is committed in sustaining a demurrer to it when the general denial remains on file; nor is such a ruling rendered available by afterwards withdrawing the denial.

SAME.—*Evidence.*—*Ownership.*—The defendant having withdrawn his answer and gone to trial on the amount of damages, it was not error to refuse to allow him to prove that he owned the land upon which the toll-house stood.

From the Henry Circuit Court.

*J. Brown* and *J. M. Brown,* for appellant.

BEST, C.—This suit was brought by the appellee against the appellant for obstructing a private way. The complaint averred that the plaintiff was the owner of the west one-half of the northwest one-fourth of section six, in township sixteen north, of range ten east, in Henry county, in this State, and has been for more than ten years last past; that on and along the east line of said land there is kept and maintained a turnpike road known as the Greensboro and Spiceland Turnpike, and that the east line of said land is the center line of said road; that the plaintiff is the owner of the bed of said road to the center line thereof in fee simple, subject to the right of the turnpike company, a corporation organized under the laws of Indiana, to maintain said road over the same; that a highway has been laid out and maintained on said line for more than ten years last past; and that said turnpike company operates and maintains its road over and upon said highway by the consent of the board of commissioners of said

county, duly granted according to law; that the plaintiff has constructed and maintained for five years last past a private road and way from said turnpike over and through the lands aforesaid to his fields, pastures and woodlands there situate; and that said road is not only necessary for the convenient use of his farm, but is a valuable way leading from his home to the town of Greensboro, where he does his trading and obtains his mail; that said road is constructed across a branch and ravine near its intersection with said turnpike, at the only point where a road can be made without a large expenditure of money; that the defendant, with intent to destroy the plaintiff's road and injure his property, did unlawfully erect and maintain on the bed of said turnpike, and upon the land of the plaintiff as aforesaid, at the intersection of said private road therewith, a certain building, so as to wholly obstruct said road and destroy its use, whereby the plaintiff has lost the use of said road and of his lands, and has been put to great expense in constructing another road to his lands, to his damage. Wherefore, etc.

A demurrer for the want of facts was overruled to the complaint, and an answer of two paragraphs was filed. The first was a general denial; and the second avers substantially, that the house placed by the defendant at the intersection of the private road with the turnpike was a toll-house, placed there by the defendant as an employee of the turnpike company, and at its instance; that the private road of the plaintiff leads from the pike over unenclosed lands of the plaintiff, which only extend to the outer edge of the turnpike, and that the entire turnpike road has been built upon the land of the defendant, which he has heretofore granted to the turnpike company.

On February 11th, 1881, a demurrer, for the want of facts, was sustained to the second paragraph of the answer, and on February 18th, 1881, the defendant withdrew the general denial. The cause, upon the question of damages, was submitted to the court, a trial had, and a finding made for $25. A

motion for a new trial was overruled, and judgment rendered upon the finding.

The defendant appeals, and, among other errors assigned, insists that the court erred in overruling the demurrer to the complaint, in sustaining the demurrer to the second paragraph of the answer, and in overruling the motion for a new trial.

The appellant insists that the complaint was insufficient, because it was not averred that the appellee had a prescriptive right to the use of the pike at the point of intersection, and that the erection of the toll-house was no injury to his reversionary interest. It was not necessary to allege a prescriptive right to the use of the pike. It was alleged that the appellee was the owner in fee of the land upon which the house was erected, subject to an easement in the public, created by the establishment of a highway upon which the turnpike company had been authorized to construct its road. This easement only authorized the public to pass and repass upon the plaintiff's land, and did not authorize it to place upon his land, within the limits of the highway, any structure that would prevent its use by him in common with the public generally. Neither did it impair his right to enter upon the highway at any point upon the line of his land. This was the extent of the right created by the easement, and no greater right was conferred by the board of commissioners upon the turnpike company when it was authorized to construct its road upon the highway. Such right alone as the public possessed was conferred by the grant, and, as the public had no right to place a house upon the appellee's land within the limits of the highway, it follows that the turnpike company, by virtue of the grant, had none. As the house was placed upon the appellee's land without right and to his injury, we think the appellant liable, and that the complaint was sufficient. The demurrer was, therefore, properly overruled. *Turner* v. *Rising Sun, etc., T. P. Co.,* 71 Ind. 547.

The second paragraph of the answer was good. It denied that the land upon which the toll-house was erected belonged

to the appellee, by alleging that it belonged to the appellant. This was an informal denial of the averments of the complaint, and was sufficient.    *Hand* v. *Taylor*, 4 Ind. 409 ; *Loeb* v. *Weis*, 64 Ind. 285.

The general denial, however, remained on file, and, as the second paragraph of the answer only amounted to a denial, no available error was committed in sustaining the demurrer to it.    *Patterson* v. *Lord*, 47 Ind. 203 ; *Smith* v. *Denman*, 48 Ind. 65.

There was, as has been shown, no available error in sustaining the demurrer to the second paragraph of the answer at the time it was done, and we do not think the appellant can render that ruling erroneous by voluntarily withdrawing an equivalent paragraph of his answer thereafter.    If the appellant had withdrawn the general denial before the ruling upon the demurrer, the ruling would probably have been the other way.    As it is, no available error was committed in sustaining the demurrer.

The motion for a new trial was urged because the damages assessed were excessive.    The toll-house was erected about the 1st of June, 1880, and was not removed until some time in November thereafter.    In consequence of its erection the appellee was compelled to build another way from his premises to the turnpike at a cost of $14, and in doing this a pool of water to which his stock was accustomed to go for water, was thrown out of his enclosure, and by reason thereof he lost the use of his pasture during this time, which was estimated to be worth from $15 to $20.    There was evidence tending to show that the new way was not so convenient or good as the old way, and, under these circumstances we can not disturb the judgment for this reason.

It is insisted that the court erred in not allowing the appellant to prove that the turnpike company had ordered the toll-house placed where it was erected.    There was no error in this ruling, as such order would not have diminished the appellee's claim for damages.

It is also insisted that the court erred in not allowing the appellant to prove that he owned the land upon which the toll-house was erected.   There was no such question in dispute.   The withdrawal of the general denial operated as an admission of all the averments of the complaint, and the only question for trial was the amount of damages sustained.   If appellant desired to controvert this fact he should not have withdrawn his answer.   There was no error in this ruling. We have now examined all the questions raised and think there is no error in the record.   The judgment should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.