The Danville and Big Sandy White Lick Gravel Road Co. v. Campbell.

---

No. 10,177.

THE DANVILLE AND BIG SANDY WHITE LICK GRAVEL ROAD COMPANY v. CAMPBELL.

GRAVEL ROAD.—*Location.*— *Public Highway.*—*County Commissioners.*—*Appropriation of Land.*—*Toll-House.*—*Statute Construed*—A turnpike company organized under the act of May 12th, 1852, 1 R. S. 1876, p. 654, R. S. 1881, section 3624, *et seq.*, which locates its road upon a public highway by virtue of an order of the county commissioners, acquires no right thereby to erect upon such highway a toll-house and other structures without the consent of the owner of the land over which the highway passes, or without appropriating the land for such purpose in pursuance of the statute; and where such structures are thus erected the company is liable in damages to the owner of the land, and the buildings may be abated.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.
*L. M. Campbell,* for appellee.

BEST, C.—The appellee brought this action against the appellant, alleging in his complaint, in substance, that he was the owner of a certain parcel of land, particularly described, in Hendricks county; that said parcel is four and one-half rods in width east and west, and fifty rods in length north

and south; that it is eighty rods east of the town of Danville, in said county, on the highway leading from said town to the city of Indianapolis, and that said highway extends across and occupies twenty-three feet off the north end of said strip; that the appellant, after said highway had been located and used for many years, and after the appellee became the owner of said parcel, obtained the consent of the board of commissioners of said county to locate its road upon said highway, and, in pursuance of such authority, did make such location; that thereafter, without appropriating said strip, or paying the appellee for the same, or obtaining his consent to erect buildings thereon, the appellant proceeded to erect upon said parcel, within the limits of said highway, a frame dwelling-house, a wood-house, chicken-house and a privy; that said buildings occupy the entire front of said parcel, and have been and now are used by the gate-keeper and his family for a residence and for out-houses; that there is no other entrance or exit to said parcel, and that said buildings prevent the appellee from reaching said parcel from said highway; that the waste water, rubbish, etc., from said buildings are thrown upon the appellee's land; that the same has been damaged, depreciated in value, and that said strip has been taken and appropriated by the appellant without compensation. Wherefore, etc.

The appellant filed an answer, alleging, in substance, that an order had been duly obtained from the board of county commissioners of said county, authorizing the appellant to locate its road upon said highway; that, in pursuance of the authority so obtained, it did locate and construct its road upon said highway; that at the point designated it constructed one poll-toll across the track, one frame house of two rooms, neatly finished, a wood-house, with privy in the interior, with sufficient vault, properly kept and entirely obscured from the view of persons on the outside, and one chicken-house, all constructed within the limits of twenty feet from the center of said highway, the south line adjoining the appellee's enclosure, and occupying sixty-five feet of the same; that said

dwelling-house; which is occupied by the gate-keeper and his wife, is distant from the appellee's residence a quarter of a mile, and is that far distant from any house in Danville; that the appellee has a frontage of 600 feet on said highway, and that he can reach it from his premises at any point within said distance without difficulty, except at the point occupied by said buildings; that no waste water, rubbish, etc., are thrown upon the appellee's premises; that the buildings are necessary for the collection of tolls, and that their erection and use have not in any way damaged the appellee. Wherefore, etc.

A demurrer was sustained to this answer, and, the appellant declining to further plead, final judgment was rendered for appellee, assessing his damages at $25.00, and ordering the appellant to remove from such strip all of said structures within thirty days; that in default thereof the sheriff remove said buildings, and that appellant be enjoined from maintaining them. Thereupon the appellant moved the court to modify its judgment by striking therefrom that portion requiring the removal of the buildings. This motion was overruled, and appellant moved to modify the judgment so as not to require the removal of the toll-gate and toll-house. This motion was also overruled, and exceptions reserved.

The appellant assigns as error, that the complaint does not state facts, etc.; that the court erred in sustaining the demurrer to the answer, and in refusing to modify the judgment. These several assignments of error raise the same question, and that is, whether the order of the board of commissioners authorizing the appellant to locate and construct its road upon said highway entitled it to erect and maintain said buildings upon the appellee's land within the limits of said highway.

The act of May 12th, 1852 (1 R. S. 1876, p. 654), under which the appellant was organized, empowers it to obtain its right of way. This may be done by agreement. If thus done the land occupied by the road may be conveyed. If an agreement can not be made with the owners, the act contains various provisions for an appropriation of the land, the assessment

and payment or tender of damages, after which such company is authorized to take possession of such land and construct the road, build gates, toll-houses, etc. These provisions enable the company to secure such right as entitles it to build and maintain its gates and toll-houses at such point upon its line as may be fixed upon. The act also provides that such company, with the consent of the board of commissioners of the county, may locate the road over and upon any public highway, and thereupon such highway, or such portion thereof as may be occupied or appropriated by said company, "shall be and become the property of said company for the purpose of making and maintaining said road and the gates and toll-houses thereon." The consent of the board of commissioners, under this provision of the statute, the appellant contends, confers the same right upon such company to construct gates and toll-houses within the limits of such highway as is conferred by an appropriation of land not embraced in any highway; in other words, that the order of the board is equivalent to an appropriation of the land embraced within the limits of the highway for the purposes of erecting and maintaining gates and toll-houses thereon. In *Turner* v. *Rising Sun, etc., Turnpike Co.*, 71 Ind. 547, the appellee had located its road upon a highway, had dug from appellant's land within the limits of said highway a portion of the earth and gravel, carried the same to another part of its road, and the court, in speaking of its right to do so, by virtue of an order of the board of commissioners, said: "It is our opinion, that, by the act of appropriation of the highway, the appellee acquired only the easement of the highway in the condition it was at the time of appropriation, and thereby acquired no right to dig up and remove the earth or ground found on the land of appellant, for any use or purpose, without compensation first made, or assessed and tendered, though the same were dug and removed only from within the appropriated limits of the highway."

In *Strattan* v. *Elliott*, 83 Ind. 425, a turnpike company had located its road upon a highway by consent of the county

commissioners and had placed a toll-house upon the appellee's land, within the bounds of said highway, at a point where a private road leading from appellee's land intersected said highway, and the court, in speaking of the highway and of the right of said company under said order to erect such building, said: "This easement only authorized the public to pass and repass upon the plaintiff's land, and did not authorize it to place upon his land, within the limits of the highway, any structure that would prevent its use by him in common with the public generally.   *   *   This was the extent of the right created by the easement, and no greater right was conferred by the board of commissioners upon the turnpike company when it was authorized to construct its road upon the highway.   Such right alone as the public possessed was conferred by the grant, and, as the public had no right to place a house upon the appellee's land within the limits of the highway, it follows that the turnpike company, by virtue of the grant, had none." This language excludes the right insisted upon by appellant, but it is insisted that all of it subsequent to the stars is a mere dictum, because the only question was whether the turnpike company had the right to place its house at a point where the appellee's private road intersected the turnpike.   In this we think it is mistaken.   If the turnpike company, by virtue of the grant, had no right to place a toll-house upon appellee's land, within the limits of the highway, it certainly had none to place it at the point of intersection, and therefore this inquiry was necessarily involved.

The case, we think, is, in principle, like this one, and the doctrine of the case is adverse to the appellant.   Aside from this case, we think the provisions of this statute should not be so construed as to authorize the erection of such structures upon the land of persons within the limits of a highway without the consent of the owners, or without compensation first made and tendered in pursuance of the statute.   This is no hardship upon the company, as this is precisely what such company would be required to do if the land were not already

within the limits of a highway. The company exercises its option in making the location, and, presumably, it is not more difficult to construct its road upon a highway than elsewhere. Again, if such company, by virtue of such grant, acquires such right, it would follow that the appellee's land would be taken without compensation, as no damages were assessed for a purpose not contemplated by any person nor authorized to be assessed at the time the highway was located. The right thus asserted is a valuable one, and can not be taken without just compensation. It is not difficult to see how a piece of property fronting on a highway, taken for a turnpike, may be greatly diminished in value by the erection of such buildings in the highway in front of such property, and this is sufficient to exclude the construction insisted upon. If a highway is taken for a turnpike, and such company desires to erect upon it such structures as are necessary, the statute confers the authority, and provides the mode for obtaining the right, to do so. As nothing of this kind was done in this case, we are of opinion that the appellant had no right to erect and maintain such buildings upon the appellee's land, and that the judgment of the court should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.