No. 12,634.

## LEARY v. MORAN.

CONVERSION.—*Pleading.*—*Answer.*—*Argumentative Denial.*—*Demurrer.*—To a complaint for conversion, an answer alleging that the taking was with the plaintiff's consent and in pursuance of an agreement so to do, specifically set out, amounts to an argumentative denial, but, if otherwise good, it is not for that reason insufficient to withstand a demurrer.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not reverse a judgment where it appears that the merits of the cause have been fairly tried and determined in the court below, nor on the weight of the evidence.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.
*C. Foley,* for appellee.

ZOLLARS, J.—Appellee is charged in the complaint with having converted to his own use forty bushels of appellant's wheat, of the value of fifty dollars. Appellant has assigned as error the overruling of his demurrer to appellee's answer.

The following facts, substantially, are set up in the first paragraph of the answer : The wheat mentioned in the complaint was a part of a crop raised on appellee's farm by a cropper, who was to have the whole crop threshed at his own expense, and deliver to appellee at the machine, one-half of the amount in the bushel. After the wheat had been harvested and ricked, appellant bought the cropper's interest therein at sheriff's sale. After buying this interest he stated to appellee that he could not have the wheat threshed, and it was agreed that appellee should have it done, and that appellant would promptly reimburse him for all outlay in paying hands, and promptly pay him for the boarding of hands, threshers and horses, and for his own labor. Pursuant to that agreement, appellee had the wheat threshed, and upon the terms of the agreement thereby became entitled to receive from appellant $32.75.

Following these averments are the following : "That after

said wheat was threshed, and pursuant to an offer of the plaintiff therefor, the defendant took seventeen sacks of the plaintiff's half of said wheat in payment and satisfaction of his bill of charges for his said outlay for said hire of said hands, and for said board of said hands and horses, and for said services of two days of the defendant, which seventeen sacks of wheat constituted the identical wheat mentioned in the complaint."

If the facts thus set up are true, and that they are true is admitted by the demurrer, it is clear that appellee is not guilty of having converted the wheat as charged in the complaint. The averments are not as specific in some particulars as they might be, but they sufficiently show the rights of the parties, their agreement in relation to the wheat, and that in pursuance of that agreement, and in payment of the amount due to appellee for the threshing, it was agreed that he should take the seventeen sacks of wheat, and that the amount so taken was the same wheat mentioned in the complaint. These same facts, we think, might have been proven under a general denial.

In order to make his case as alleged in the complaint, appellant was under the necessity of proving that the wheat was not only taken by appellee, but so wrongfully taken as to amount to a conversion. Under a general denial, the defendant may introduce any and all proof, that will meet and overthrow what the plaintiff is bound to prove, in order to recover. To show that the taking was not, wrongful, and that appellee was not, therefore, guilty of a conversion, he might have proven under a general denial, that the taking was with appellant's consent, and in pursuance of an agreement, as set up in the answer. *Searcy* v. *State, ex rel.*, 93 Ind. 556.

The paragraph of the answer under examination amounts to an argumentative denial, but it is not for that reason insufficient to withstand the demurrer. *Loeb* v. *Weis*, 64 Ind.

285; *Clauser* v. *Jones*, 100 Ind. 123; *Dickson* v. *Lambert*, 98 Ind. 487.

What we have said in relation to the first paragraph applies with equal force to the second paragraph of the answer. In our judgment the court below properly overruled the demurrer to each paragraph of the answer.

The evidence is not very full nor very satisfactory, but it tends to establish the facts set up in the answer, and to sustain the finding and judgment of the trial court. We can not, therefore, reverse the judgment upon the weight of the evidence. That appellee was to have the threshing done, and that appellant was to pay him therefor, is not disputed. The only dispute is as to the right of appellee to take the wheat in payment. The evidence tends to show that he had such right, and that, therefore, the taking was not wrongful, and that he was not guilty of a conversion of the wheat.

This court is commanded by the statute not to reverse a judgment, where it shall appear that the merits of the cause have been fairly tried and determined in the court below. R. S. 1881, section 658. This is peculiarly a case where that rule of the statute should be applied.

Judgment affirmed, with costs.

Filed June 1, 1886.