## BOOS v. MORGAN ET AL.

[No. 17,354. Filed May 12, 1896. Rehearing denied Oct. 15, 1896.]

PLEADING. — *Argumentative Denial.*— An argumentative denial, if otherwise good, is sufficient to withstand a demurrer.

APPEAL AND ERROR.—*Bill of Exceptions.—Documentary Evidence.* —When it is attempted to incorporate a paper or document into a bill of exceptions by means of the words "here insert," the instrument must be so clearly identified that nothing remains for the clerk to do but to copy it in the bill at the place indicated.

SAME.—*Bill of Exceptions.—Evidence not All in Record.*—Where it appears from the bill of exceptions that the evidence is not all in the record, the Supreme Court will not consider and determine any question which depends for its proper decision upon the evidence.

From the Wabash Circuit Court. *Affirmed.*

*France & Dungan* and *Watkins & Beckel*, for appellant.

*J. B. Kenner* and *U. S. Lesh*, for appellees.

JORDAN, J.—Action by the appellant to set aside a sheriff's sale and enjoin appellee from asserting any title to the lands sold to him thereunder. This is the second appeal of this cause. See *Boos* v. *Morgan*, 130 Ind. 305. Upon this latter appeal several of the propositions relied upon by appellant to maintain his action were decided adversely to him.

A brief summary of the facts alleged in the complaint, is that the appellant is the owner of the real estate in question by virtue of a purchase from one

Lucas in 1878; that in 1876 Milton Hendrix recovered a judgment against Lucas, who was then the owner of the land in dispute; that the judgment was assigned to the appellee; that thereafter the latter caused an execution to be issued thereon, and several tracts of land were sold thereunder at sheriff's sale to the appellee in satisfaction of the judgments, and that the attorneys for him receipted for the purchase-money for the land sold at said sale; that no return was made by the sheriff of the sale in question, and that afterwards the appellee, without any other disposition of the property levied upon by the sheriff, caused that officer to levy upon and sell the real estate in dispute, which appellee purchased at said sale and received a sheriff's deed therefor.

An answer to the complaint was filed in three paragraphs, the first being a general denial.

A trial upon the issues joined resulted in a finding in favor of the appellee, and over appellant's motion for a new trial, based alone upon the grounds that the finding of the court was contrary to both the law and the evidence, and not supported by sufficient evidence, judgment was rendered against the appellant.

Two errors are assigned:

1st.    That the court erred in overruling the demurrer to the third paragraph of answer.

2d.    That the court erred in overruling the motion for a new trial.

The third paragraph of the answer set up facts tending to negative the allegations of the complaint that the judgment, upon which the sheriff's sale in controversy was based, had been satisfied thereby, and this contention appears, from the complaint, to be the real *gist* of the action. The paragraph was in the nature of an argumentative denial of the material matter in the complaint, and the facts therein averred could

have been given in evidence under the general denial which had been pleaded. Nevertheless, the appellee had the right to plead them specially, and therefore the court did not err in overruling the demurrer to the third paragraph of the answer. *Loeb* v. *Weis,* 64 Ind. 285; *Stoddard* v. *Johnson, Treas.,* 75 Ind. 20; *Strattan* v. *Elliott,* 83 Ind. 425; *Leary* v. *Moran,* 106 Ind. 560.

Consideration of the overruling of the motion for a new trial depends upon the evidence being all in the record by the bill of exceptions. Appellee contends that the transcript discloses that all of the evidence given upon the trial is not incorporated into the bill of exceptions. The bill states that: "The plaintiff, to maintain the issues on his behalf, introduced the following written evidence."—"Plaintiff, to support his side of the cause, offered and read in evidence the following executions—marked—(Here insert) and also offered and read in evidence copies of judgments of the Huntington Circuit Court, together with notices of sale and the return of the sheriff as follows: (H. I.) All copies of judgments introduced in evidence, all returns of the sheriff on executions, and which judgments are as follows (Clerk H. I.): And the plaintiff, to support his side of the case, introduced as a witness Anthony Weber, who testified as follows:" At this point in the transcript, instead of the evidence of the witness named being set out, a number of executions and other documents are set forth. As there is nothing to show, or indicate, that these executions and documents are the identical ones introduced in evidence, and which the clerk was directed to insert in the bill, the question as to this fact becomes only a matter of conjecture. Again, the judgments stated to have been given in evidence do not appear in the bill

of exceptions. It is the settled law of this State that when it is attempted to incorporate a paper or document into a bill of exceptions, under the provisions of the code, by means of the words "here insert," the instrument must be so clearly identified that nothing remains for the clerk to do but to copy it into the bill at the place indicated. It must be so described, or designated, that when the transcript is read, it can be recognized as the one described and ordered to be inserted. This seems to be rendered necessary to avoid imposition upon the clerk through mistake or design. *Cincinnati, etc., R. R. Co.* v. *Butler,* 103 Ind. 31; Elliott's App. Proced., section 818.

Again, as it appears from the bill of exceptions that the judgments recited to have been given in evidence are omitted, it follows that all of the evidence is not in the record; hence we cannot consider and determine any question which depends for its proper decision upon the evidence in the cause. *Collins* v. *Collins,* 100 Ind. 266, and cases there cited; *Jennings, Gdn.,* v. *Durham,* 101 Ind. 391.

For the reasons stated herein, we are precluded from reviewing the court's action in denying the motion for a new trial.

Judgment affirmed.