## O. F. BUSARD, INC. *v.* CRAWFORD.

[No. 14,972. Filed December 21, 1935. Rehearing denied April 24, 1936.]

*Chauncey W. Duncan, John H. Kiplinger* and *Jean R. Kiplinger,* for appellant.

*Titsworth & Titsworth* and *G. Andrew Golden,* for appellee.

KIME, P. J.—The appellee filed suit herein by a complaint in three paragraphs, the first of which was for money had and received, the second on *quantum meruit,* and the third on account. To these three paragraphs of complaint the appellant answered by a general denial, a second paragraph pleading payment, and a third pleading want of consideration. Appellant also filed a counterclaim and plea of set-off. Appellee then filed a reply in general denial to the second and third paragraphs of appellant's answer and a reply of general denial to the counter-claim and set-off. Trial was had by jury which resulted in a verdict for appellee. Appellant then filed a motion for new trial, which was overruled and judgment was rendered on the verdict. The error assigned is the overruling of the motion for new trial. The grounds discussed are that the court erred in refusing to give appellant's tendered instructions numbered 5, 6, and 7; that the court erred in giving, on its own motion, instructions numbered 11, 12, and 14; that the verdict of the jury is not sustained by the evidence and that it is contrary to law.

From the evidence it appears that the appellee entered into an oral contract with the appellant, whose office and main salesroom was in Rushville, Indiana, to become its agent for the purpose of selling automobiles in Connersville. That appellee was to receive a certain weekly salary and two per cent commission upon all automobiles sold.

It also appears that appellee was the owner of an Essex automobile; that the appellant was the agent for the Dodge automobile and desirous of having its agent (the appellee) drive a car of the make that they were interested in selling. That it was agreed between the parties that the Essex owned by appellee was worth $600.00. There was evidence that this $600.00 was due appellee and had never been paid.

It is the contention of the appellant that this was an action for the breach of an implied contract and that the evidence disclosed a special contract and that under such a situation there could be no recovery. Ordinarily this is the correct rule but there is an exception as to actions for money had and received in that the above rule does not apply. See *Jackson et al.* v. *Creek* (1911), 47 Ind. App. 541, 94 N. E. 416. There is sufficient evidence to show that this was an action for money had and received and to warrant the recovery under the first paragraph of complaint.

Appellant tendered instructions numbered 5, 6, and 7, all raising the same point, and since all were ambiguous or indefinite there was no error of the court in refusing to give them. *Loeb* v. *Weis* (1878), 64 Ind. 285, 290.

Instruction numbered 12 given by the court of its own motion, when read in connection, as it must be, with the other instructions given, is not erroneous as applying the theory of any one particular paragraph of complaint to the entire cause, as contended by the appellant.

The appellant also complains of instruction numbered 14. By this instruction the jury was told that if they determined that there should be a recovery on any one of the three paragraphs of complaint, it was then necessary for the jury to determine whether the defendant had proven its answers and that if any of the items under which the controversy arose had been fully paid and satisfied, there should be no recovery for such items. This we believe to be a correct statement of the law, and while the instruction may not have been framed in such language as either the appellant or this court would use, we do not believe that the appellant has shown any prejudicial error.

The judgment of the Rush Circuit Court is in all things affirmed and it is so ordered.