No. 7559.

## Burns *v.* Stanley et al.

PLEADING.— *Guaranty, Breach of.— Attorney.— Judgment.— Evidence.— Party.—Notice.*—In an action by a plaintiff to recover for services rendered the defendants in preparing and amending articles of incorporation for a ditch company, the answer alleged that the plaintiff guaranteed that he would make said articles perfect and sufficient in law, but that such articles had been, by the circuit court, adjudged insufficient.

*Held,* that the answer was insufficient on demurrer, for want of a direct averment that such articles were defective or insufficient.

*Held,* also, that such judgment of the circuit court was neither proof nor evidence of the insufficiency of such articles of association as against the plaintiff, he not being a party to the suit therein, nor having notice thereof, or that the same involved the validity of such articles.

SAME.—*Defect of Parties.—Answer.—Demurrer.*—A paragraph of answer, in such suit, alleging that the plaintiff was employed by the ditch company, and that others besides the defendants were members thereof, and were solvent and within the jurisdiction of the court, is insufficient on demurrer, for the reason that it did not aver that the work which the plaintiff was so employed to do is the same for which he had sued.

From the Hendricks Circuit Court.

*E. G. Hogate* and *R. B. Blake,* for appellant.
*J. V. Hadley* and *J. O. Parker,* for appellees.

Woods, J.—The sufficiency on demurrer of the second, third and fourth paragraphs of answer respectively, are brought in question by this appeal.

The suit was by the appellant against the appellees, the first paragraph of the complaint setting up a special agreement, whereby the appellees employed the appellant to prepare supplementary articles of association for the "Tamarack Ditch Company," and to survey and make all necessary plats, profiles and specifications, for which service the appellees were to pay the appellant ten dollars per diem for the first four days and four dollars per diem for the remainder of time which he should necessarily employ in doing the

work. Performance by the appellant and failure of appel-
lees to pay are averred.

The second paragraph is in the nature of a common count
for work and labor done at the special instance and request
of the defendants, and a bill of particulars for work, essen-
tially the same and at the same prices as those sued for in
the first paragraph, is filed with this paragraph.

The defendants answered, first, by a general denial, and,
second, that they and others interested in the construction
of a ditch formed an association under the name of "The
Tamarack Ditching Association;" that the plaintiff was
invited by the association to accept employment as its engi-
neer, to survey, plat and locate the ditch which the company
proposed to cut, but the plaintiff, being a lawyer, declined to
accept such employment, unless, on examination, he should
find the articles of association of the company to be formal
and sufficient in law, and, having made an examination
thereof, pronounced said articles informal and insufficient in
law ; whereupon an agreement was made by the plaintiff on
the one part, and these defendants and other signers of said
pretended articles on the other part, to the effect following,
to wit : The plaintiff being both lawyer and engineer, and
professing great skill, undertook to reorganize said associa-
tion, and to cure and perfect said articles of association, and
to prepare certain supplementary and amendatory articles,
which, when so cured, supplemented and amended, and
adopted by said association, the plaintiff guaranteed should
be legal, formal, regular and sufficient in law, and that the
association organized thereunder should be a legal and valid
organization for the purposes stated ; and that if the articles,
when so amended and perfected, should prove defective and
insufficient to support the said organization and its proceed-
ings to carry out its purposes, the plaintiff should have no
compensation ; but, if he succeeded in making said articles
perfect and sufficient in law to support said organization and

its proceedings pursuant to said articles, then the plaintiff should have therefor, from said ditching association, to be paid from the moneys of said association, the rate of compensation mentioned in the complaint; that, in pursuance of said agreement, the plaintiff prepared, or caused to be prepared, certain supplementary articles which he represented and guaranteed would make said articles sufficient in law, and which, under the advice and direction of the plaintiff, as their legal adviser, said association fully adopted and confirmed; and, after such adoption, the plaintiff proceeded to perform the labor as engineer, for which he sues; that afterward, at the January term, 1876, of this court (the court below), in certain suits by Ezekiel Clark, Drury Clark et al. *v.* the said ditching association, involving the legality and sufficiency of said amended articles, it was adjudged by this court that said articles were insufficient to vest said association with legal rights, and to support the assessments of benefits made in pursuance thereof, and said assessments were, by this court, held to be void and of no effect.

This answer does not sufficiently show that the amended articles of incorporation, prepared by the plaintiff, were in any respect defective. There is no direct averment of any defect, and the judgment of the court, whereby they were declared insufficient, is not binding on the plaintiff, as he was not a party thereto, and it is not shown by the plea that he had notice of the suit or of the issues involved therein. The answer does show that the plaintiff was to receive his compensation from the corporation which he undertook to organize for the defendants and others, who were to be the incorporators. This amounts, perhaps, only to an argumentative denial of the liability charged in the complaint against the defendants, but is nevertheless good on demurrer, which admits its truth.

The third paragraph, like the second, shows the defective

Burns *v.* Stanley *et al.*

organization of the ditching association, and that the plaintiff, being a lawyer and professing great skill in such matters, at the request of the defendants and the other members of said association, and in consideration of the rate of compensation charged in his complaint, undertook and guaranteed that he would perfect said articles, and thereafter represented that he had perfected the same, and the defendants and their associates, relying on the plaintiff's skill and learning, and under his direction as their legal adviser, proceeded to lay out and locate their proposed ditch, and to make assessments of benefits and damages, and expended in money one hundred dollars, and in time and labor eleven hundred dollars; that, in said suits, said amended articles were by said court adjudged to be insufficient.

Wherefore the defendants claim to have been damaged in the sum of five hundred dollars because of the plaintiff's negligence and want of skill in preparing said amended articles, which sum they pray may be recouped, etc.

This answer is defective for the want of a direct averment that the amended articles of incorporation prepared by the plaintiff were insufficient. It not being shown that he was a party to the suit, nor that he had notice that the suit was pending and involved the validity of his work, the judgment of the court that the same was invalid was neither proof nor evidence of the fact.

The fourth paragraph is to the effect that the plaintiff was employed by the Tamarack Ditching Association, organized under the act approved March 10th, 1873, of which the plaintiff had notice at the time of said employment; that others besides these defendants were members and signers of the articles of said company, namely (here are given the names), who, with certain exceptions named, are living, solvent, and reside within the jurisdiction of this court. This plea is verified. It is an insufficient answer in

'this, if in nothing else, that it does not show that the work which the plaintiff was employed to do by said ditching association is the same for which the plaintiff had sued.

Judgment reversed, with instructions to sustain the demurrer to the third and fourth paragraphs of answer. Costs accordingly.