## NATHAN S. BOYS V. GEORGE W. SIMMONS.

*1. Construction of the Act for the Relief of Sureties.*—Under this statute, the complaint of the surety to have the question of suretyship tried can not be brought as an original suit or proceeding; but must be filed only in an action brought against both the principal and the surety, by the creditor, and during its pendency, and in the same court.

*2. Objection to Jurisdiction.*—The want of jurisdiction of the lower court, as to subject matter, may be objected to in the Supreme Court for the first time.

*3. Facts Conferring Jurisdiction.—Pleading.*—A statutory remedy, such as that provided for the relief of sureties, must be substantially pursued, and the necessary jurisdictional facts must be set forth in the complaint when such remedy is invoked. *Quære*, whether the practical benefit of the proceeding must not be shown.

*4. General Demurrer.*—Where a demurrer is directed to several paragraphs jointly, it must be overruled, if any one of the paragraphs is good, even if all the others would be held bad if separately demurred to.

Filed April 19, 1881.

Appeal from Wayne.

A. L. Study, for appellant, cited *Sexton* v. *Sexton*, 35 Ind. 88, 92, as to effect of statute of limitations upon a judgment, or merged cause of action; *Laval et al.* v. *Rowley*, 17 Ind. 36, as to remedy of surety, satisfying a judgment without trying the question of suretyship, and distinguishes the case from this; Story on Partnership, § 139, p. 318 (3d ed.) and p. 202; *Hubbell et al.* v. *Wolf et al.*, 15 Ind. 204, as to partnership and individual obligations; 23 Ind. 272, 534; 25 Ind. 90, 376; 27 Ind. 323; 29 Ind. 142; 6 Cow. 397; 2 Johns. Cases, 381, as to waiver of objection to jurisdiction.

Lewis D. Stubbs, for appellee, cited *Brown* v. *Goodwin*, 16 Ind. 444; *Barner* v. *Morehead*, 22 Ind. 354; Buskirk's Prac., 193, 195; *Silvers* v. *R. R. Co.*, 43 Ind. 435; *Hume* v. *Dessar*, 29 Ind. 113; *Alexander* v. *Gaar*, 15 Ind. 89; *Webb* v. *Bowless*, 15 Ind. 242; *Brown* v. *Goodwin*, 16 Ind. 444; *Urton* v. *Luckey*, 17 Ind. 213; *Havenridge* v. *Monday*, 34 Ind. 28; *J. M. & I. R. R. Co.* v. *Cox*, 37 Ind. 325; *Jewett* v. *Honey Creek Draining Co.* 39 Ind. 245; *J. M. & I. R. R. Co.* v. *Bonney*, 45 Ind. 77; *The Excelsior Draining Co.* v. *Brown*, 47 Ind. 19; *Lowell* v. *Pence*, 47 Ind. 304; *Davidson*

v. *King*, 47 Ind. 372, as to effect of joint demurrer; *Brown* v.
*Goodin*, 16 Ind. 441, as to sufficiency of second paragraph of answer;
Parson's on Partnership (2 ed.) star page 42, 125; *Bank of Roches-
ter* v. *Monteath*, 1 Denio 402; Smith's Mercantile Law (3 ed.) 43;
*Duck* v. *Abbott*, 24 Ind. 349; *Shalter* v. *Caldwell*, 27 Ind. 376;
*Heavilen* v. *Heavilen*, 29 Ind. 509; *Loge* v. *Thompson*, 33 Ind. 137;
*Skillen* v. *Jones*, 44, Ind. 146, as to partnership obligations; Igle-
hart's Prac. § 49, p. 376; *Laval* v. *Rowley*, 17 Ind. 36, as to surety
rights; *Indiana, etc., R. R. Co.* v. *Williams*, 22 Ind. 198; 4 U. S.
Dig. (first series) p. 61, § 357; 1 Wait's Actions and Defenses, 45;
*Indianapolis and Madison R. R. Co.* v. *Solomon*, 23 Ind. 536; *Loeb*
v. *Mathis*, 37 Ind. 306; *State* v. *Canal*, 8 Ind. 322, as to jurisdiction;
2 Greenl. Ev. § 114; *Holmes* v. *Weed*, 19 Barb. 128; *Jones* v. *M.
E. Church*, 21 Barb. 161; *Konitzky* v. *Meyer*, 49 N. Y., 571; *Exall*
v. *Partridge*, 8 Term R. 308; *Pownall* v. *Ferrand*, 6 Barn. & Cress.
439; *Butler* v. *Wright*, 20 Johns. 267; *Kimble* v. *Cummings*, 3 Met.
(Ky.) 327; Fell on Guar. and Suretyship, 245, 531, 533; *Hunt* v.
*Amidon*, 4 Hill (N. Y.) 345; *Bell* v. *Howard*, 3 T. R. 308; *Harker*
v. *Glidewell*, 23 Ind. 219, 223: *Horn* v. *Bray*, 51 Ind. 555; *Heelcroft*
v. *Halbert*, 16 Ind. 256, as to remedies of surety; *Harper* v. *Miller*,
27 Ind. 277; *Flenner* v. *Flenner*, 29 Ind. 564; *Musselman* v. *Kent*,
33 Ind. 457; *Crosby* v. *Jeraloman*, 37 Ind. 269; *Sands* v. *Thompson*,
43 Ind. 21; *King* v. *Insurance Co.*, 45 Ind. 43; *Berkshire* v. *Young*,
45 Ind. 466; *Fall* v. *Hazelrigg*, 45 Ind. 581, as to written contract;
*Sexton* v. *Sexton*, 35 Ind. 90, as to statute of limitation; *Smith* v.
*Dodds*, 35 Ind. 452; *Train* v. *Gridley*, 36 Ind. 241; *Kellenberger* v.
*Boyer* 37 Ind. 189, as to waiver of objection.

Opinion of the court by Mr. Justice Howk.

This action was commenced by the appellant, as plaintiff,
against the appellee, as defendant, on the 10th day of February,
1876. In his complaint, the appellant alleged in substance, that
on the 2d day of July, 1867, by the consideration of the Court of
Common Pleas of Miami county, Indiana, one Henry Dutton ob-
tained a judgment against the appellant and the appellee, for the
sum of $280.46 and costs of suit, upon a promissory note executed
by them to one John H. Boys, and endorsed by him to said Henry
Dutton; that in the suit on said note, in said court of common
pleas, the appellant did not apppear, but made default; that on the

6th day of February, 1868, the appellant paid said Henry Dutton the sum of $291.93, in full of said judgment, which sum was receipted on the judgment by said Dutton; " that he paid said judgment, as said security, without intending in any way to satisfy said judgment or release his rights, as said surety, under the statute in such case provided;" that he signed the note, on which said judgment was rendered, as security for the appellee, George W. Simmons, and for no other purpose; that the appellant had not been at any time adjudged or declared security, in the proceedings had in said court of common pleas, or in any other court; that on the 27th day of January, 1876, and before the commencement of this suit, the appellant had caused a duly certified transcript of the said judgment of said court of common pleas to be filed and recorded in the office of the Clerk of the Wayne Circuit Court; a copy of said note and a copy of said transcript were filed by the appellant, as exhibits, with his complaint in this suit. The appellant asked, that the question of his suretyship might be tried and determined, and that he might be declared to be the surety of the appelle on said note and in the judgment of said court of common pleas, and that an execution be issued in his favor and against the appellee, for the amount paid by appellant with interest from the date of payment, to be executed without relief, etc., and for other proper relief.

The appellee answered in four paragraphs, in substance as follows:

1. A general denial;

2. The appellant's demand was fully paid and satisfied, before the commencement of this suit;

3. Denying so much of said complaint as averred that the appellant paid said judgment, as such security, without intending in any way to satisfy said judgment or release his rights as said surety; the appellee further alleged that the appellant's cause of action, stated in his complaint, did not accrue within six years immediately preceding the commencement of this action; and

4. That the appellant and appellee, at the time said note was executed, were partners in business, and that, by the terms of their partnership, the appellant was to furnish all the capital with which to carry on the business of the firm, and the appellee his labor, skill and attention; that the appellee fully complied with the terms

of said partnership; that the consideration of said note was property bought for said partnership and used by the same; and that the consideration of said note moved to said firm, and note to the appellee.

The appellant's demurrer to the second, third and fourth paragraphs of appellee's answer, for the alleged insufficiency of the facts therein to constitute a good defence to his suit, was overruled to the third and fourth paragraphs of answer; and to this ruling the appellant excepted. Failing and refusing to reply or plead further, the court rendered judgment against the appellant for the appellee's costs.

In this court the appellant has assigned as errors the decisions of the circuit court in overruling his demurrer to the third and fourth paragraphs of answer, and his motion for a new trial; and the appellee has assigned the following cross-errors:

1. The circuit court erred in overruling his demurrer to appellant's complaint; and

2. The court below had no jurisdiction of the subject-matter of this action.

We will first consider and decide the questions arising under the appellee's cross-errors, and this we will do in the inverse order of their assignment.

It is evident, we think, from the allegations of the complaint, that the object of the appellant's suit was to obtain the remedy or relief against the appellee, provided for a surety against his principal in sections 674 and 675 of the code, 2 R. S. 1876, p. 277, *et seq.* The appellant alleged in substance, in his complaint, that he was the surety of the appellee in a certain note; on which note Henry Dutton had obtained a judgment by default against the appellant and appellee, on the 2d day of July, 1867, in the Court of Common Pleas of Miami county, Indiana; which judgment the appellant had paid in full, without intending to satisfy it, on the 6th day of February, 1868, eight years before he commenced this suit. Conceding for the present, that, upon the facts alleged, the appellant might commence and maintain a suit under said sections of the code, to try and determine "the question of suretyship," on said note and judgment, as between him and the appellee; the question is presented by the second cross-error. Had the Wayne Circuit Court,

on the facts alleged, any jurisdiction of " the question of surety-ship," in this case ?   Or, was this question one to be tried and de-termined exclusively by the Miami Circuit Court, into which all the business of the Court of Common Pleas of Miami county had been transferred by law?

We are of the opinion that, upon the facts stated in the appel-lant's complaint, the Wayne Circuit Court had no jurisdiction of the subject matter of said complaint, and could not have granted the appellant the relief prayed for and provided in said section 675 of the practice act.   The proceeding is a special one, and while the statute should receive a liberal and an enlarged construction, still it must govern and control the suit, both in its institution and in re-gard to the remedy or relief granted.   In section 674 of the code, it is provided that " when any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the other, the surety may, upon a written com-plaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term ; but such proceedings shall not affect the proceedings of the plaintiff."   It is certain, we think, that the complaint of the surety mentioned in this section, can not be filed as an original suit or pro-ceeding, or until after the creditor or obligee had brought his action upon the contract against both principal and surety.   While it is provided that the surety's complaint and the issue and trial thereon " shall not affect the proceedings of the plaintiff" in the original action, it would seem to be contemplated that such complaint should be filed in the original action and during its pendency.   The remedy or relief which section 675 of the code provides for the surety, if the finding on his complaint be in his favor, shows that it was in-tended the complaint of the surety should be filed in and during the pendency of the action of the creditor or obligee ; and that the question of suretyship should and must be tried and determined in and by the same court in which judgment upon the contract had been or might be rendered against both principal and surety.

Section 675 of the code provides, that " If the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution first upon, and exhaust,

the property of the principal, before a levy shall be made upon the property of the surety ; and the clerk shall indorse a memorandum of the order on the execution."

The question of the jurisdiction of the court below over the subject of this suit was not presented to the court for decision. But, in section 54 of the code, it is provided that "the objection to the jurisdiction of the court over the subject of the action" is not waived by the failure to present the objection to the court below. 2 R. S. 1876, p. 59. The appellee has the right, therefore, to present the objection to the jurisdiction of the Wayne Circuit Court, over the subject of this suit for the first time in this court. It is certain, we think, that an execution on the judgment, recovered by Henry Dutton against the appellant and appellee in the Court of Common Pleas of Miami county, could only be issued under the law, if issued at all, out of the Miami Circuit Court, under the seal and attested by the clerk thereof, and it is equally certain, that upon the facts stated in appellant's complaint, if the finding thereon were in his favor, the Miami Circuit Court alone, and not the Wayne Circuit Court, could make the order provided for, upon such a finding, in section 675 of the code.

Our conclusion is, that it is apparent on the face of the appellant's complaint that the Wayne Circuit Court had no jurisdiction of the subject of his suit.

If the appellant had filed his complaint for the trial of "the question of suretyship" in the Miami Circuit Court, it might well be doubted if the facts stated therein would entitle him to the remedy or relief against the appellee, as his alleged principal, provided in the statute. The appellant's suit is purely a statutory proceeding, as without the statute he surely could not maintain such a suit. In such a case, the appellant must state.such facts in his complaint as would clearly entitle him to the statutory remedy, and show that such remedy would be, or might be, of some practical service to him. Otherwise, it could hardly be said, as it seems to us, that the facts stated were sufficient to constitute a cause of action. For, in a suit authorized by, and brought under, the provisions of a statute, which gives a certain and specific remedy in a given case, the facts stated in the complaint must be sufficient to bring the case within the purview of the statute, and entitle the complaining party to the

specific remedy or relief therein provided ; and if, in such suit, the facts stated in the complaint were such as to show that the statutory remedy would not and could not be of any practical benefit or avail to the plaintiff, it might well be questioned, we think, whether such facts would, or would not, constitute a cause of action. We need not and do not decide this question in the case now before us; but we simply suggest it as a query, which may be worthy of future consideration.

The appellant has assigned, as error, the decision of the circuit court in overruling his demurrer to the third and fourth paragraphs of the appellee's answer. The demurrer was filed to the second, third and fourth paragraphs of answer jointly, and not to each of them separately. It follows, therefore, that, if either one of the said paragraphs stated facts sufficient to constitute a defense to the appellant's suit, his demurrer was correctly overruled, even though one or both of the other paragraphs were clearly bad. The record fails to show any ruling of the court on the demurrer as to the second paragraph of answer ; but, as this second paragraph contained a general plea of payment of the appellant's demand against the appellee before the commencement of this suit, it is certain that it stated facts sufficient to withstand the appellant's joint demurrer to the three paragraphs of the appellee's answer. We are of the opinion, therefore, that the court committed no error in overruling the appellant's demurrer to the affirmative or special paragraphs of the appellee's answer.

The judgment is affirmed, at the appellant's costs.