No. 9225.

THE STATE, EX REL. BENCKERT, v. WYLIE ET AL.

GUARDIAN'S BOND.—Set-Off.—Pleading.— Principal and Surety.— Decedents' Estates.—In an action upon the bond of a deceased guardian the sureties may plead, by way of set-off, an indebtedness of the estate of the relatrix to the estate of their principal.

DEMURRER.— Argumentativeness.—Argumentativeness in a pleading is not cause of demurrer under the code.

PRACTICE.—Evidence.—Supreme Court.—Where there was evidence tending to support the finding, such finding can not be disturbed by the Supreme Court on the mere weight of the evidence.

From the Monroe Circuit Court.

J. H. Louden and R. W. Miers, for appellant.

J. W. Buskirk and H. C. Duncan, for appellees.

BICKNELL, C. C.—This was a suit on a guardian's bond.

James W. Coffey, guardian of Mary J. Crow, resigned his office, and M. P. Harbison was appointed his successor. Harbison gave a bond with William Wylie and Isaac M. Rogers as sureties. Harbison died leaving the guardianship unsettled, and Wylie and Rogers, his sureties, were appointed his administrators. B. F. Adams succeeded Harbison as guardian, and this suit was commenced, on his relation, on the bond of Harbison against his administrators and sureties. Pending the suit the ward married Henry Benckert, and became the plaintiff's relatrix by substitution. The complaint stated, in substance, that Harbison had received and failed to pay over the ward's money, and judgment was demanded for $2,000. The defendants answered in six paragraphs. To each of the second, third and fourth of these paragraphs the plaintiff demurred, for want of facts sufficient, etc. Said demurrers were overruled. The plaintiff filed a reply in three paragraphs, and the issues were tried by the court, who found for the plaintiff $297. The plaintiff's motion for a new trial was overruled, and judgment was rendered on the finding. The plaintiff appealed. The errors assigned are:

1st. Overruling the demurrers to the second, third and fourth paragraphs of the answer.

2d. Overruling the motion for a new trial.

The second paragraph of the answer alleged, as a set-off, indebtedness of the estate of the relatrix to the estate of the principal in the bond. There was no error in overruling the demurrer to this paragraph. Civil code, sec. 58; R. S. 1881, sec. 349; *Myers* v. *State, ex rel.*, 45 Ind. 160. The third and fourth paragraphs of the answer are argumentative denials of the complaint. Argumentativeness is not a cause of demurrer under the code. *Judah* v. *Trustees of Vincennes University*, 23 Ind. 272; *Loeb* v. *Weis*, 64 Ind. 285; *Stoddard* v. *Johnson*, 75 Ind. 20. There was no error in overruling the demurrers to these paragraphs of the answer. The reasons assigned for a new trial were:

1st. That the finding is contrary to law.

2d. That the finding is contrary to the evidence.

3. That the finding is not sustained by sufficient evidence.

4th. That the amount of the recovery is too small.

There was evidence tending to support the finding, and this court has often held that such a finding can not be disturbed on the mere weight of the evidence. *Hayden* v. *Cretcher,* 75 Ind. 108; *Talbott* v. *Kennedy,* 76 Ind. 282. There was no error in overruling the motion for a new trial, and the judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.

Opinion filed at the May Term, 1882.
Petition for a rehearing overruled at the November Term, 1882.