Clauser *v.* Jones.

Filed Jan. 28, 1885.

———————

No. 11,965.

## CLAUSER *v.* JONES.

PLEADING.—*Argumentative Denial.*—*Demurrer.*—A pleading which contains an argumentative denial of material allegations in the pleading to which it responds, is good on demurrer.

WATERCOURSE.—*Obstruction of.*—*License.*—*Consideration.*—*Argumentative Denial.*—*Demurrer.*—Complaint, alleging that plaintiff and defendant were owners of adjoining lands through which flowed a natural watercourse; that plaintiff, with the knowledge of defendant, expended $1,000 in tile drains leading into such watercourse on plaintiff's land ; that defendant unlawfully filled up and obstructed said watercourse, whereby plaintiff's land was irreparably damaged, etc. Answer, that the obstruction complained of was not of a natural watercourse, but of an artificial outlet to ponds of water, made by plaintiff with license of defendant, which license was granted without consideration, and was afterwards revoked, and the outlet filled up, and that defendant did not obstruct the natural outlet of said ponds.

*Held,* that the complaint was sufficient on demurrer.

*Held,* also, that the answer averred facts constituting an argumentative denial, and was good on demurrer.

SAME.—*Estoppel.*—In such case, if any act was done, or money expended, on the faith of such license, the effect of which would be to prevent the revocation thereof, it should be pleaded.

From the Clinton Circuit Court.

*O. E. Brumbaugh, J. W. Merritt* and *J. V. Kent,* for appellant.

*W. R. Moore* and *F. F. Moore,* for appellee.

BICKNELL, C. C.—The complaint filed by the appellant alleges that the parties are owners of adjoining lands; that there is a natural watercourse through said lands, ending in Middle Fork creek; that the plaintiff and defendant, for fifteen years past, have removed obstructions from, and have deepened and straightened the channel of said watercourse, and that the plaintiff has so continuously kept and maintained the same upon his land up to the present time; that he made valuable tile drains from all directions through his land, and expended $1,000 therefor, of which defendant had full knowledge, all of which emptied into said watercourse, and were necessary to render his land tillable, and accomplished that purpose; that in September, 1883, the defendant unlawfully obstructed said watercourse by filling it up with earth and stone and logs and brush; that said obstruction extended on the defendant's land for twenty rods from the line of the plaintiff's land toward said Middle Fork creek, and has been continued by said defendant ever since, whereby the drainage of said watercourse has been entirely destroyed, and plaintiff's tile drains rendered useless, so that sixty acres of the plaintiff's land have been made useless and untillable by standing water, and the plaintiff's entire farm irreparably damaged, and a large quantity of corn in his fields destroyed. The complaint claims $2,000 damages and all proper relief.

The defendant answered in three paragraphs, to wit:

Clauser *v.* Jones.

1. A general denial.

2. That there are ponds on the plaintiff's land, having a natural outlet through the defendant's land; that the plaintiff, by license from the defendant, cut an artificial outlet for said ponds through the defendant's land, and also from time to time entered upon defendant's land and cleared out said channel for his own benefit; that these licenses were granted without any consideration, and in 1883 were revoked by the defendant, and said artificial channel was filled up by defendant, which is the injury complained of.

3. That there are ponds on the plaintiff's land, having a natural outlet through the defendant's land; that the plaintiff, by license from the defendant, cut an artificial outlet for said ponds through the defendant's land, different from and deeper than said natural outlet, and let the water from said ponds flow through said outlet over the defendant's land; that said license was without consideration; that afterwards the plaintiff cut said outlet to such a depth that the flow of the water from said ponds greatly damaged the defendant's land; that the defendant notified the plaintiff that he would revoke said license, whereupon it was agreed between the parties that the plaintiff should, at his own expense, ascertain a certain line between the lands of the parties, and set and establish certain corner stones, and that in consideration thereof the defendant would not revoke said license; that the plaintiff wholly refused to perform any part of his said contract, and thereupon the defendant revoked said license and filled up said artificial outlet, which is the injury complained of, and that in so doing the defendant did not obstruct the said natural outlet of said ponds.

The plaintiff filed a separate demurrer to each of the second and third paragraphs of said answer. These demurrers were overruled by the court; the plaintiff made no reply, and judgment was rendered for the defendant upon the demurrers. The plaintiff appealed. There was no error in overruling the demurrers.

The complaint alleged the obstruction of a natural water-course. The allegations of each of the paragraphs of answer are that there was no such obstruction ; they are, in part, substantially, argumentative denials of the complaint, and such part could have been given in evidence under the general denial. To allege that there was no obstruction of a natural watercourse, and that the only obstruction was that of an artificial outlet of a pond, which outlet was constructed under a license granted without consideration and afterwards revoked, is to deny argumentatively the cause of action stated in the complaint. The following language of this court, in *Loeb* v. *Weis*, 64 Ind. 285, is in point: "The paragraph of answer contains facts constituting a defence to the action ; and, while the party might have been permitted to give them in evidence under the general denial, which was pleaded, yet he had a right to plead the facts specially, and, having done so, it was not error in the court below to overrule a demurrer to such special paragraph. Such is the settled law of this State."

So, in *Stoddard* v. *Johnson*, 75 Ind. 20, this court said: "An argumentative denial, deduced from facts well pleaded, is equivalent to a special denial of the inconsistent averments of the complaint, and will be good on demurrer, if it goes far enough."

A pleading which contains an argumentative denial of material allegations in the pleading to which it responds is good on demurrer. *Judah* v. *Trustees of Vincennes University*, 23 Ind. 272 ; *Burns* v. *Stanley*, 72 Ind. 350; *State, ex rel.*, v. *Wylie*, 86 Ind. 396 ; *Barkley* v. *Mahon*, 95 Ind. 101.

The demurrers in the present case admit that there was no obstruction of a natural watercourse, and that the obstruction complained of was of an artificial outlet, made by license, which license was granted without consideration, and was afterwards revoked. If there was any act done or money expended on the faith of the license, the effect of which would be to prevent the revocation of such a license to make an artificial outlet, it ought to be shown by some appropriate pleading.

McLean, Administrator, *v.* Equitable Life Assurance Society of the U. S.

*Buchanan* v. *Logansport, etc., R. W. Co.,* 71 Ind. 265.  The allegation in the complaint in reference to a natural watercourse, that the plaintiff, with the knowledge of defendant, expended $1,000 in tile drains leading from all directions into such watercourse on the plaintiff's own land, does not show that the defendant is estopped from revoking a parol license granted without consideration, for the building of such an artificial outlet for a pond as is described in the answer.   If the complaint had averred a license, and expenses incurred on the faith of the license, a different matter would be presented, although even in that case it would be questionable whether a license to improve a watercourse would authorize the licensee to increase the flow of water by leading into it drains from all directions.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 22, 1885.   Petition for a rehearing overruled March 14, 1885.