OREN *v.* BOARD OF COMMISSIONERS OF ST. JOSEPH
COUNTY.

[No. 19,379.   Filed June 21, 1901.]

COUNTIES.—*Sale of Bonds.*—*Services of Treasurer.*—A county treas-
urer is required under §7837 Burns 1894 to receive and care for
bonds issued by the county and deliver them to the purchaser upon
the proper order of the board of commissioners, and is not entitled
to extra compensation for services in the sale of such bonds in the
absence of an employment. *p. 161.*

PLEADING.—*Argumentative Denial.*—An answer in denial of the ma-
terial allegations of a complaint may be good, although argumen-
tative, and where the general denial is withdrawn and the cause
appealed, its merits as against demurrer must be determined by
the character and materiality of its averments. *p. 162.*

From Laporte Circuit Court; *J. C. Richter,* Judge.

Action by William H. Oren against the board of commis-
sioners of St. Joseph county for services rendered in sale of
bonds. From a judgment in favor of defendant, plaintiff
appeals. *Affirmed.*

*M. H. Weir, E. E. Weir, L. Darrow, H. R. Wair* and *B.
F. Shively,* for appellant.

*A. L. Brick, D. D. Bates, A. Anderson, J. Du Shane* and
*W. G. Crabill,* for appellee.

DOWLING, J.—Action by the appellant against the ap-
pellee to recover commissions alleged to be due to appellant
for services rendered by him in the sale of certain bonds
issued by the county of St. Joseph. The suit was brought in
the St. Joseph Circuit Court, and the venue was changed to
Laporte county. The complaint was in two paragraphs.
The answer was in four, the first being the general denial.
A demurrer to the third paragraph of the answer was over-
ruled, and, thereupon, the first, second, and fourth para-
graphs of the answer were withdrawn. The appellant refus-
ing to plead further, the court rendered judgment, on the

demurrer, in favor of the appellee. The ruling on the demurrer is assigned for error.

The first paragraph of the complaint is substantially as follows: On November 1, 1899, the board of commissioners of St. Joseph county and the appellant, Oren, entered into an oral contract by which the appellee employed the appellant to negotiate, sell, and dispose of certain bonds issued by said county to the amount of $273,000, for the purpose of erecting a court-house in the city of South Bend. By said contract the appellee agreed to pay the appellant a reasonable compensation for his services. Two and one-half *per centum* upon the face value of the bonds so disposed of was such reasonable compensation. In pursuance of said agreement, the appellant sold, negotiated, and disposed of the said bonds for the use of the appellee to N. W. Harris & Company, of Chicago, Illinois, who paid for said bonds the sum of $273,000 on account of the principal thereof, with $15,000 as premium. Appellant fully performed all of the conditions of the said agreement on his part to be performed. Before the commencement of the action, the appellant presented his said claim to the board while in session, and the board made an allowance to him of $75 for his said services, which he refused to accept; the residue of said claim was disallowed, and is due and unpaid. The second paragraph is similar to the first, except that it avers that on March 1, 1896, the appellant entered the service of the appellee, at its request, as the agent of the appellee, to negotiate, sell, and dispose of the said bonds.

The material averments of the third paragraph of the answer, which was addressed to the whole complaint, were these: In the year 1896, the county of St. Joseph, by its board of commissioners, was engaged in building a new court-house for said county, and to provide funds therefor it executed its bonds in the manner authorized by the statute to the amount of $273,000; these bonds were delivered to the auditor of the county, as required by law, and the auditor,

in pursuance of his official duty, in turn, delivered them to the appellant, who was then and there the county treasurer of said county, and who received said bonds in that capacity; the said board did not employ the appellant to sell, dispose of, or to take care of the said bonds, or to do anything in connection with the same; only $243,000 of said bonds were sold, and the remaining $30,000 thereof were returned to the county, and credit for the same was given to the appellant, as such treasurer; all that the appellant did in relation to the sale of the said bonds was done by him as county treasurer in the discharge of the duties of his said office, as prescribed by law, and for which he received his salary.

The sufficiency of the answer is contested by the appellant upon the grounds that many of its allegations are surplusage, that others are conclusions of law, that the paragraph does not confess and avoid the allegations of the complaint, that it does not directly traverse them, and that it is, at best, merely an argumentative denial. Very little professional skill was exhibited in the preparation of the answer, and the slightest attention to the rules of good pleading would have materially improved its form and technical accuracy. The appellee assails the sufficiency of the complaint for the reason that it does not set out more specifically the terms of the alleged agreement between the parties and asserts that, even if the answer is bad, it is good enough for a bad complaint. The complaint is probably bad, but assuming that it required an answer, in our opinion the answer was sufficient. The first paragraph of the complaint avers that the appellee employed the appellant to negotiate and sell its bonds, and that it agreed to pay the appellant a reasonable compensation for his services; the second paragraph of the complaint alleges that the appellant entered into the service of the appellee, at its request, as its agent to sell its bonds, and that a reasonable compensation for the services performed by appellant in the sale of the bonds was two and one-half *per centum* of their face value. The answer states

that, at the time of the transactions mentioned in the complaint, the appellant was the treasurer of St. Joseph county, and that the bonds were placed in his hands as such treasurer.

The very foundation of the claim of the appellant against the appellee was his supposed employment by the appellee to sell the bonds. The legal effect of the averment of the second paragraph of the complaint "that he entered into the service of the defendant, at the defendant's request, as the agent of the defendant, to negotiate, sell, and dispose of bonds," etc., is nothing more nor less than an allegation that he was employed by the appellee to negotiate, sell, and dispose of them. The circumstance that the appellant did dispose of the bonds is immaterial, if he was not employed to do so. The answer expressly denies that the appellant was employed to negotiate, sell, or dispose of the bonds, and avers that all his acts in connection with the bonds were performed merely in the discharge of the duties of his office as the treasurer of the county. Where bonds are issued by a county, it is made the duty of the auditor to deliver them to the treasurer, and to charge him therewith upon the proper books of his office. Such bonds, when so delivered, are deemed a part of the funds of the county in the hands of the treasurer, and he is liable for the same upon his official bond. §7837 Burns 1894.

Under the provisions of this section, when bonds are issued by a county, it is the duty of the treasurer to receive them from the auditor, to keep them securely as a part of the funds of the county, and to deliver them to the purchaser upon the proper order of the board of commissioners. For the performance of these duties the treasurer is entitled to no compensation beyond his salary. The answer denies that the appellant was employed by the board to negotiate and sell the bonds, and alleges that he had no connection with them except to discharge these official duties. These facts must be regarded as well pleaded. The demurrer admits

their truth. But if the appellant was not employed to sell the bonds, and merely discharged the duties imposed upon him by law in receiving, keeping, and delivering them to the purchasers, he cannot maintain an action against the county for commissions for selling them. The third paragraph of the answer must be regarded as an argumentative denial of the complaint, and it was sufficient in form to make an issue of fact. An answer in denial of the material fact or facts of a complaint may be good, although argumentative, and it is not error to overrule a demurrer to it. *Clauser* v. *Jones,* 100 Ind. 123; *Leary* v. *Moran,* 106 Ind. 560; *Hiatt* v. *Town of Darlington,* 152 Ind. 570; *Judah* v. *Vincennes University,* 23 Ind. 272; *Loeb* v. *Weis,* 64 Ind. 285; *Stoddard* v. *Johnson,* 75 Ind. 20.

Before the withdrawal of the general denial, the third paragraph might have been stricken out on motion, on the ground that it was an argumentative denial; but, as the appellant did not ask to have it stricken out, its merits must be determined by the character and materiality of its averments.

There is no error in the record. Judgment affirmed.